# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| JESUS LOPEZ-VASQUEZ, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 14-CV-664-TCK-TLW |
| WILLIAM C. KELLOUGH; CLIFFORD J. SMITH, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

On November 3, 2014, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). Plaintiff also submitted two (2) summonses and two (2) USM-285 Marshal service forms. As discussed below, Plaintiff's motion to proceed in forma pauperis shall be granted. However, the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A. Motion to proceed in forma pauperis**

After reviewing Plaintiff's motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed in forma pauperis shall be granted.

Pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the

Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds may result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint shall be dismissed**

    **1.    Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe

the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Complaint fails to state a claim upon which relief may be granted

In his complaint (Dkt. # 1), Plaintiff sues two Tulsa County District Judges, William C. Kellough and Clifford J. Smith. In the "Nature of Case" section of the complaint, Plaintiff alleges that:

> Plaintiff was arrested in a medical-incident, and the police officer was lying to proceed with this malicious prosecution, and when caught lying by Plaintiff, the Defendants decided to tamper with the transcripts removing words and order of the cross-examination to remove all the fraudalent [sic] statements of the police officer.

Id. at 2. Plaintiff proceeds to identify three (3) claims, as follows:

> Count 1: Tampering with the transcripts for false imprisonment is a crime.
> Supporting facts: the defendants agree to falsify their own transcripts to justify their behavior.
>
> Count 2: Sentencing Plaintiff to 6 months for telling the judge he is not above the law, is abuse of power.
> Supporting facts: Plaintiff who is pro se is not allowed to speak on his behalf so the Judge can commit his crime without interruptions or he will use contempt of court.
>
> Count 3: Seting [sic] a trial until August 2015 and that he will be the trial judge when he is a conspirator, is a crime.
> Supporting facts: After using the tampered transcripts to hold Plaintiff, Kellough decided to be the trial judge so he can cover-up his own crimes and to hold Plaintiff until he give-up [sic] to his demands or to hold Plaintiff for two years in jail for exposing the corruption of the judicial system (in this case there will be no trial).

Id. at 2-5. Plaintiff also includes two (2) handwritten pages providing additional factual background for his claims. Id. at 3-4. In his request for relief, Plaintiff states that he is entitled to the following:

> [A]n injunction against the defendants to stop obstructing justice, to stop committing crimes, and to allow Plaintiff to proceed pro se and speak on his behalf without retaliations or using contempt of court as an excuse to quiet Plaintiff.

Id. at 7. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

Plaintiff complains about events occurring during his ongoing state criminal proceeding and actions taken against him by defendants, and requests that this Court intervene in the proceeding. Significantly, Plaintiff does not seek money damages. Had he included a request for damages, the request would have been precluded by absolute judicial immunity. Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (stating that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion" (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006))); see also Mireles v. Waco, 502 U.S. 9, 13 (1991).

However, absolute judicial immunity does not preclude claims for prospective injunctive relief. See Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995). Nonetheless, Plaintiff's request for injunctive relief is barred by 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state criminal trials by granting equitable relief. See Ogden v. San Juan Cnty. Det. Ctr., 1996 WL 688305, *2 (10th Cir. 1996) (unpublished)[1] (affirming district court's sua sponte dismissal of § 1983 claim requesting intervention in an ongoing criminal trial). Furthermore, under the Federal Courts Improvement Act of 1996, "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir.2011) (quoting 42 U.S.C. § 1983) (citations omitted); see also Glaser v. City and County of Denver, Colo., 557 F. App'x 689, 704 (10th Cir. 2014) (unpublished). Because Plaintiff does not allege that either of these statutory conditions is satisfied, his complaint fails to state a claim upon which relief may be granted.

---

[1] Unpublished opinions cited herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

The Court further advises Plaintiff that, to the extent his claims challenge the fact or duration of his confinement, his exclusive remedy is a petition for writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Prior to seeking federal habeas corpus relief, a petitioner is required to exhaust available state court remedies. 28 U.S.C. § 2254(b).

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**. Nonetheless, Plaintiff is responsible for payment of the full $350 filing fee in monthly installments, when funds are available, as mandated by 28 U.S.C. § 1915(b).

2. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. This is a final Order terminating this action.

**DATED** this 10th day of November, 2014.

TERENCE KERN
**United States District Judge**